United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKIRA SATO, TAMAE SATO,<br><br>   Plaintiffs,<br><br>   v.<br><br>WORLD SAVINGS BANK et al.,<br><br>   Defendants.       / | No. C 09-01559 CRB<br><br>**ORDER TO SHOW CAUSE** |

   Now pending before the Court is defendants' Notice of Removal.  Courts in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.  Defendants, as the removing parties, bear the burden of establishing that removal was proper. See id.

   Plaintiffs' complaint makes claims under state law only: slander of title, negligence of notary public, conspiracy to slander title, recision, quiet title, negligence, fiduciary duties. The case has been pending in state court since October 2007 and has a June 2009 trial date. Defendants nonetheless removed on the ground that during plaintiffs' depositions on April 2 and 3, 2009, plaintiffs' counsel asserted that plaintiffs' "intended to pursue" Truth In Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims in this action.

United States District Court
For the Northern District of California

1  The Court is unaware of any caselaw that gives a federal court jurisdiction of a complaint that a plaintiff may, at some time in the future (and if given permission by the presiding judge), amend to make federal claims. The cases cited by defendants in the Notice of Removal are inapplicable. Each involved currently pending state law claims that the defendants contended were completely preempted by federal law; the courts held that they could consider deposition testimony to determine the complete preemption question. Defendants here do not argue that plaintiffs' claims–as articulated at the deposition–are completely preempted by the TILA or RESPA such that removal is proper; nor could they. See Magee v. Exxon Corp., 135 F.3d 599, 600-02 (8th Cir. 1998)(holding that TILA is not one of the few complete preemption statutes); U.S. Nat. Ass'n v. Almanza, 2009 WL 161082 *2 n.1 (E.D. Cal. Jan. 22, 2009) ("neither RESPA nor TILA 'completely preempt' state law for purposes of removal jurisdiction").

Accordingly, defendants are ORDERED TO SHOW CAUSE how this Court has removal jurisdiction of this state law complaint. Defendants shall file their written response on or before Wednesday, April 29, 2009 and the Court will hear oral argument on Friday, May 1, 2009 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated: April 24, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE